IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50233

Summary Calendar

_____

ALEXIS COLON, Estate of Decedent by
Personal Representative Peaches Martinez,
Luis Colon; PEACHES MARTINEZ;
ALEXANDER MARTINEZ; LUIS COLON,

                                        Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; WADDELL,
Lieutenant Colonel; TYRONNE S. LEONARD,
Staff Sergeant; McDONALD, Sergeant;
ARIES, Sergeant,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas, Waco
(W-95-CV-67)

_____

May 7, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     The plaintiffs brought this suit on behalf of themselves and

Alexis Colon, a member of the armed forces stationed at Fort Hood.

The complaint alleges that Colon committed suicide after being

subjected to sexual harassment by her superiors.  According to the

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

plaintiffs, not only was Colon a victim of harassment, but the individual defendants retaliated against her for reporting their harassment by wrongly accusing Colon herself of engaging in sexual harassment.

However disturbing the plaintiffs' accusations may be, we do not have jurisdiction to hear them.  The Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., does not waive governmental immunity when a member of the armed forces on active duty seeks money damages based on an injury suffered while performing military tasks at a military base and inflicted by superior officers.  Feres v. United States, 340 U.S. 135 (1950); Schoemer v. United States, 59 F.3d 26, 28-29 (5th Cir.), cert. denied, 116 S. Ct. 519 (1995).  Even a case touted by the plaintiffs, Brown v. United States, 739 F.2d 362, 369 (8th Cir. 1984), cert. denied, 473 U.S. 904 (1985), in which enlisted men subjected a black private to a mock lynching, recognized that a plaintiff's "claims against the United States and his superior officers for failing to prevent the incident, and against his superior officers for failing to perform a proper investigation, are barred by the Feres doctrine."  The Supreme Court has similarly held that the reasoning in Feres serves to bar Bivens claims.  Chappell v. Wallace, 462 U.S. 300 (1983).

As we have recognized in the past, criticisms of the policies embodied in Feres and Chappell are beside the point.  "The Feres doctrine has been reaffirmed by the Supreme Court many times since its inception in the face of strong criticism of the equity of the

2

rule." <u>Miller v. United States</u>, 42 F.3d 297, 307 (5th Cir. 1995).
We are bound to follow that precedent.

AFFIRMED.